## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Greg Schillinger

    v.                                        Case No. 20-cv-698-JL

New Hampshire State Prison

### REPORT AND RECOMMENDATION

Before the court is the petition for a writ of habeas corpus (Doc. No. 1) filed by Greg Schillinger, an inmate at the New Hampshire State Prison ("NHSP").  The petition, seeking relief under 28 U.S.C. § 2241, is before the court to determine whether it is facially valid.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions).

Also before the court is Mr. Schillinger's motion for a TRO (Doc. No. 2), which has been construed as a motion for a preliminary injunction.  The district judge has referred that motion to the undersigned magistrate judge for a Report and Recommendation.  See June 19, 2020 Order.

I.  § 2254 Rule 4 Review

    A.  Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly

examine any petition for habeas relief.  If "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes Mr. Schillinger's pleadings liberally, considering his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

### B.  Background

#### 1.  Appointment of Expert Witness

Mr. Schillinger has been in the custody of the New Hampshire Department of Corrections ("DOC") since his 2000 conviction for felony sexual assault.  The inculpatory evidence in his criminal case included the testimony of the victim, K.P. Mr. Schillinger asserts that there were no pretrial proceedings in his state criminal case in which an expert testified as to the reliability of the victim's testimony.  Mr. Schillinger asks this court to appoint Dr. Eric Mart as an expert to present testimony, at this time, regarding the reliability of K.P.'s trial testimony.

### 2.    Housing Placement

Mr. Schillinger is presently housed in the NHSP's Medium
Custody North Unit.  He is concerned he may be transferred out
of Medium Custody North and sent to another unit, such as the
Special Housing Unit or the Secure Psychiatric Unit ("SPU"),
where he has had problems in the past.  When he was housed in
the SPU, he alleges, he was "torture[d] for years."

### 3.    Mental Illness

Mr. Schillinger states that he is mentally ill.  He alleges
he has the same diagnosis as the defendant in State v. Veale,
158 N.H. 632, 972 A.2d 1009 (2009), whose criminal case was
dismissed after he was found not to be dangerous and to be
incompetent to stand trial.

### 4.    Civil Commitment

The DOC online inmate locator indicates that Mr.
Schillinger's incarceration at the NHSP will end on or before
January 29, 2021, the date listed as the expiration of his
maximum sentence.  Mr. Schillinger's petition suggests that he
may be subject to involuntary civil commitment proceedings under
N.H. Rev. Stat. Ann. ("RSA") Ch. 135-E, which provides the state
with the ability to seek involuntary civil commitment of

individuals convicted of sexually violent offense once that individual is "subject to immediate release" from incarceration. See RSA 135-E, I.  Mr. Schillinger claims that the actual or threatened initiation of RSA Ch. 135-E civil commitment proceedings against him constitutes an abuse of power, which has caused him to experience severe anxiety and "legal abuse syndrome."  He has also asked this court to consider Dr. Mart's expert opinion regarding the treatment Mr. Schillinger has received while incarcerated at the NHSP.

    C.    Claims

    The court identifies Mr. Schillinger's asserted claims for relief as follows:

    1.    Mr. Schillinger's Eighth Amendment rights were violated when unnamed prison officers or health care providers in SPU subjected him to unspecified forms of treatment amounting to "torture" for years, prior to his transfer to Medium Custody North.

    2.    Mr. Schillinger has been subjected to abuse of process, in that state officials have targeted him for involuntary civil commitment proceedings under RSA ch. 135-E, causing him to experience "legal abuse syndrome."

    3.    Mr. Schillinger's Sixth Amendment right to counsel and/or his Fourteenth Amendment rights to equal protection and/or due process were violated in his criminal case, in that: (a) no expert witness was called to testify in any pretrial proceedings regarding the reliability of the victim's testimony; and (b) he was tried and convicted of criminal offenses, while an individual with the same mental health diagnosis was found to be incompetent in a different

4

case, and the charges against that individual were
dismissed.

D.    Discussion

1.    Relief Available under § 2241

Mr. Schillinger has filed this action invoking the court's
jurisdiction under 28 U.S.C. § 2241.  That statute authorizes
this court to grant a writ of habeas corpus to a prisoner who is
presently in custody in violation of the Constitution, laws, or
treaties of the United States.  The type of relief that may be
available under a petition filed under § 2241 includes release
from confinement, or release to a less restrictive form of
confinement.  See United States v. Catalan-Roman, 329 F. Supp.
2d 240, 250-51 (D.P.R. 2004) ("[c]ourts have also, in certain
circumstances, extended the writ to include claims by which a
prisoner seeks, not earlier or immediate freedom, but a less
restrictive form of custody" (citing cases)).


2.    Claims Not Cognizable in Habeas

a.    Claim 1

In the allegations summarized as Claim 1 above, Mr.
Schillinger alleges that in the past prison officials subjected
him to conditions of confinement in SPU amounting to torture, in
violation of his Eighth Amendment rights.  Mr. Schillinger's

petition indicates that he is not presently subject to such
conditions.

"[C]laims that merely challenge the conditions of a
prisoner's confinement, whether the inmate seeks monetary or
injunctive relief," generally "fall outside of [the core of
habeas corpus] and may be brought pursuant to [42 U.S.C.] § 1983
in the first instance." Nelson v. Campbell, 541 U.S. 637, 643
(2004).  Nothing before this court suggests that Mr.
Schillinger's circumstances puts Claim 1 within the scope of
claims challenging presently unconstitutional, restrictive
conditions-of-confinement that may be litigated in a petition
for a writ of habeas corpus, to the extent that they seek
release to less restrictive conditions.  The district judge
should dismiss Claim 1 without prejudice to Mr. Schillinger's
ability to bring his claims of having previously endured alleged
Eighth Amendment violations in a prisoner civil rights complaint
filed under 42 U.S.C. § 1983.


### b.   Claim 2

Mr. Schillinger's allegations underlying Claim 2, liberally
construed, assert that he has been subject to an abuse of
process relating to the possible initiation of involuntary civil
commitment proceedings against him in state court.  Mr.

Schillinger is presently incarcerated pursuant to the state
court sentence imposed in 2000, not pursuant to any judgment
issued in a civil commitment proceeding.  The petition indicates
that the civil commitment proceedings remain as-yet unfiled
and/or unresolved.

Mr. Schillinger cannot challenge state court civil
commitment proceedings in a § 2241 petition at this time, where
he is neither subject to detention in relation to those
proceedings, and there is no judgment that will result in his
future incarceration.  Accordingly, the district judge should
dismiss Claim 2.

### 3.    Claims 3(a)-(b)

#### a.    Successive § 2254 Petition

In Claims 3(a) and 3(b), Mr. Schillinger challenges the
legality of his present incarceration on the basis that his
state court conviction was obtained in violation of his federal
constitutional rights.  Such claims are properly asserted in a
petition filed under 28 U.S.C. § 2254.  However, "[a] claim
presented in a second or successive habeas corpus application
under section 2254 [28 U.S.C. § 2254] that was presented in a
prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).
Claims that were not previously raised in a prior § 2254

petition challenging the same state conviction cannot be litigated in this court in a successive petition without the permission of the First Circuit.  See 28 U.S.C. § 2244(b)(2).

This is not Mr. Schillinger's first petition for a writ of habeas corpus challenging the criminal conviction and sentence pursuant to which he is currently incarcerated.  Mr. Schillinger filed a prior habeas action in this court, seeking relief under 28 U.S.C. § 2254.  See Schillinger v. Gerry, No. 12-cv-423-JL (D.N.H.).  In that case, the court appointed counsel to represent Mr. Schillinger, and ultimately denied his petition on the merits.  Among the claims raised in that petition were claims resembling Claim 3(a), including a Fourteenth Amendment claim that the evidence upon which his conviction was based was insufficient because the victim's testimony was unreliable, and a Sixth Amendment claim asserting that trial counsel failed to consult with or obtain an expert witness who could provide relevant and material testimony regarding the reliability of the victim's testimony.  Jan. 22, 2014 Am. Pet., id. (ECF No. 60-1, at 5, 8).  It does not appear that Mr. Schillinger raised a claim in his prior habeas action similar to that asserted here as Claim 3(b).

Mr. Schillinger's Claims 3(a) and 3(b), which are appropriately construed as seeking relief under 28 U.S.C.

§ 2254, are successive to Mr. Schillinger's prior petition for purposes of 28 U.S.C. § 2244(b).  Accordingly, the district judge should dismiss Claims 3(a) and 3(b), without prejudice to Mr. Schillinger's ability to file an application in the First Circuit seeking permission to litigate those claims in a new § 2254 petition filed in this court.

### b.    Certificate of Appealability

Rule 11(a) of the § 2254 Rules requires the court denying a § 2254 petition to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party."  Id. A COA may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  The court is not required to issue or deny a COA where relief is sought pursuant to § 2241.  See United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999).  To the extent Claims 3(a) and 3(b) are properly construed as having been asserted under § 2254, the district judge should decline to issue a certificate of appealability with respect to those claims, as Mr. Schillinger has failed to make the requisite showing of the denial of a constitutional right.

II.   Motion for Preliminary Injunction

In his motion for a preliminary injunction (Doc. No. 2),
Mr. Schillinger seeks a court order preventing prison officials
from transferring him to any housing unit other than Medium
Custody North, pending the resolution of the involuntary civil
commitment proceedings.  Such relief concerning a conditions-of-
confinement claim is not generally available through a petition
filed under § 2241.  Furthermore, Mr. Schillinger has not
pleaded any claim in this case that appears to be facially
sufficient at this time, and to that extent, he has not
demonstrated that he is likely to succeed on the merits of any
claim in this action.  See generally Glossip v. Gross, 135 S.
Ct. 2726, 2736 (2015) (listing factors pertinent to motions for
preliminary injunctive relief, including likelihood of success
on the merits and irreparable harm); Winter v. Nat. Res. Def.
Council, Inc., 555 U.S. 7, 22 (2008).  Moreover, Mr. Schillinger
has not pleaded facts suggesting that a transfer to a different
prison housing unit is likely to result in irreparable harm,
absent this court's issuance of an order preventing such a
transfer.  Accordingly, the district judge should deny the
preliminary injunction motion (Doc. No. 2).

## Conclusion

For the foregoing reasons the district judge should deny the motion for a preliminary injunction (Doc. No. 2); dismiss all of the claims without prejudice; decline to issue a certificate of appealability as to Claims 3(a) and 3(b); and direct the clerk to enter judgment and close this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  That period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 22, 2020

cc:  Greg Schillinger, pro se